In the

# United States Court of Appeals

## For the Seventh Circuit

No. 25-3019

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALFREDO JUAREZ-PEREZ,

*Defendant-Appellant.*

Appeal from the United States District Court for
the Western District of Wisconsin.
No. 3:25-cr-00103-wmc-1 — **William M. Conley,** *Judge.*

SUBMITTED NOVEMBER 26, 2025 — DECIDED DECEMBER 1, 2025
PUBLISHED DECEMBER 22, 2025

Before EASTERBROOK, SCUDDER, and PRYOR, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Sometime in 2024 or 2025 Alfredo Juarez-Perez, a citizen of Mexico, reentered the United States illegally for the third time. This time around he turned up in Sun Prairie, Wisconsin. Officers arrested Juarez-Perez and, because of his status as an undocumented person, U.S. Immigration and Customs Enforcement lodged a detainer against him. Juarez-Perez has a lengthy criminal record, including

state convictions for sexual assaults, failure to register as a sex offender, and driving while intoxicated, as well as federal convictions for distributing cocaine and illegal reentry. All along he has repeatedly used aliases to deceive law enforcement and has violated conditions of release by failing to appear for legal proceedings.

Following an indictment in October 2025 on a new illegal reentry charge, a magistrate judge ordered Juarez-Perez released, concluding that the immigration detainer precluded a finding that he presented a risk of flight in his criminal case. The district court revoked the release order and ordered Juarez-Perez detained, seeing the need for detention as open and shut under the standards Congress prescribed in the Bail Reform Act. We agree and deny Juarez-Perez's motion for release pending trial on the illegal reentry charge.

**I**

We need say little more about Juarez-Perez's criminal history. Suffice it to add that the history dates to at least 1992 and has come to be marked by a pattern of Juarez-Perez being removed from the United States only to see him reenter using aliases and committing further crimes.

When law enforcement found Juarez-Perez back in Wisconsin in March 2025, a new illegal reentry charge followed with an accompanying request by the government for pretrial detention. A magistrate judge held a hearing and denied the government's request, finding that it would not hesitate to conclude that Juarez-Perez poses a serious risk of a flight within the meaning of the Bail Reform Act absent the immigration detainer. The detainer as well as the presence of an ICE agent in the courtroom during the hearing persuaded the

magistrate judge that Juarez-Perez "would remain in government custody, albeit with ICE," pending his removal from the United States. The government then asked the district court to revoke the release order.

The district court applied the Bail Reform Act and found that "[a]part from [Juarez-Perez's] immigration status and detainer," application "of the statutory factors found in [18 U.S.C.] § 3142(f)(2)(A) and § 3142(g) compels a conclusion that a serious risk of flight exists and there are no conditions of release sufficient to secure the defendant's appearance in this case under the circumstances unique to him." Four specific findings drove the court's analysis:

- Juarez-Perez's criminal record includes convictions for "more than one sex offense, multiple [operating while intoxicated] convictions, and a federal drug trafficking offense."

- The present charge against Juarez-Perez is "supported by what appears to be substantial evidence [showing] that he has—for a third time—illegally reentered the United States following removal."

- Because Juarez-Perez faces a "likelihood of a longer prison sentence for a third illegal-reentry offense, [he] has every incentive to consent to what will almost certainly be rapid deportation if released to ICE custody."

- "[P]erhaps more concerning, is [Juarez-Perez's] demonstrated propensity to return

to the United States almost immediately following removal, aided by his repeated use of fraudulent documents and aliases to evade authorities, including the requirement that he register as a previously convicted sex offender."

## II

We agree with all aspects of the district court's reasoning.

Housed in Title 18 of the U.S. Code, the Bail Reform Act authorizes pretrial detention only when a criminal defendant faces charges for certain crimes enumerated in § 3142(f)(1) or presents a serious risk of flight or obstructing justice, § 3142(f)(2). Upon a finding that one of these criteria is met, the ultimate inquiry is whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e).

The enactment's twofold focus on safety and appearance proceeds vis-à-vis a criminal proceeding, whether pretrial or on appeal. Put another way, ICE's decision to lodge a detainer against Juarez-Perez alongside (or in the backdrop of) his criminal prosecution does not obviate the need to apply the statutory factors enumerated in § 3142(g) informing pretrial release. Nor is it the role of the judicial branch to mediate the preferences of the Department of Justice and the Department of Homeland Security when it comes to the prosecution or anticipated removal (or the sequencing of either) of a non-citizen like Juarez-Perez. Instead, and just as the district court reasoned, the controlling question is whether detaining Juarez-

Perez ahead of his trial is appropriate under standards Congress prescribed in the Bail Reform Act.

Because the government did not move forward with prosecuting Juarez-Perez for failing to register as a sex offender, he was not charged with a crime that justified a detention hearing under § 3142(f)(1). Nor does the government contend that he posed any risk of obstructing or attempting to obstruct justice. See *id.* at § 3142(f)(2)(B). Rather, the government argues that detention is appropriate because Juarez-Perez presents a serious risk of flight and non-appearance in his criminal case. See *id.* at § 3142(f)(2)(A); see also *id.* at § 3142(g). For his part, Juarez-Perez urges that his inevitable detention by ICE eliminates that risk.

We see no infirmity in the district court's finding that even if ICE removed Juarez-Perez, he would swiftly reenter and, in all likelihood, return to his ways of using aliases to hide from authorities. Temporary detention in an ICE facility prior to removal, then, does not substantially reduce that risk. Nothing about the immigration detainer, in short, operated to somehow insulate Juarez-Perez from pretrial detention in this criminal prosecution.

Juarez-Perez also seems to suggest that any consideration of a risk of flight is limited to leaving the jurisdiction where he faces the federal criminal charge (here, the Western District of Wisconsin). By his account, then, the government's belief that he will return to Wisconsin shows that he does not pose a flight risk. We cannot agree.

Congress used the term flight within the Bail Reform Act to refer to an "intentional act by a defendant to evade criminal prosecution"—and the prototypical example involves

"leaving the jurisdiction." *United States v. Storme*, 83 F.4th 1078, 1083 (7th Cir. 2023). But evasion can be accomplished even within a district. Indeed, Juarez-Perez's history of illegal reentry, use of aliases, and failure to register as a sex offender more than supports the conclusion that such a concern is present here regardless of what jurisdiction he winds up in. This same history shows that Juarez-Perez is unlikely to abide by any court-imposed requirements, and so we agree with the district court that no condition or combination of conditions can reasonably assure his presence in court.

Finally, it warrants emphasis that detention decisions under the Bail Reform Act require an assessment of the individual circumstances presented by the criminal defendant. See *United States v. Salerno*, 481 U.S. 739, 751–52 (1987). Detention here is warranted for the reasons articulated by the district court, allowing us to leave for another day different applications of the Bail Reform Act to different individualized circumstances.

For these reasons, we DENY Juarez-Perez's motion for release pending trial.